**WIFE B, Respondent Below, Appellant,**

v.

**HUSBAND B, Petitioner Below, Appellee.**

Supreme Court of Delaware.

Submitted June 16, 1978.

Decided July 31, 1978.

Daniel F. Wolcott, Jr., of Potter Anderson & Corroon, Wilmington, and Edward F. Muller, Jr., of Lawhorne, Muller, Hepburn & Bowie, Media, of counsel, for respondent-appellant.

Arthur Inden and C. Vincent Scheel, of Young, Conaway, Stargatt & Taylor, Wilmington, for petitioner-appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

DUFFY, Justice:

This is an appeal from a Superior Court order which granted a divorce and settled ancillary matters.[1] We focus primarily on the denial of alimony.

---

1. This complaint was filed in October 1975, before 60 *Del.L.* ch. 297 transferred jurisdiction of divorce actions to the Family Court.

## I

The Husband filed for divorce on the grounds of incompatibility and voluntary separation, 13 *Del.C.* § 1505, and sought a property division. The Wife filed an answer contesting the petition but she did not ask for ancillary relief. At trial, the Husband elected to proceed solely on the incompatibility allegation and, after trial, was granted a divorce. After the Wife appealed, this Court granted the Husband's motion to affirm the judgment under Rule 8 (now Rule 25(a)). *Wife B v. Husband B,* Del.Supr., 372 A.2d 537 (1977). The case was then remanded to the Superior Court for a property hearing.

Before the hearing, the Wife filed an affidavit of dependency and a request for alimony. The Husband objected to that application on the ground that she was jurisdictionally barred, under 13 *Del.C.* § 1518(b), from alimony relief because the request was not timely. The Superior Court agreed with the Husband and refused to consider the prayer for alimony; the Court then divided the marital property.

Following the property division, the Wife filed motions for reargument, to reopen and/or vacate the divorce decree (under Superior Court Rule 60(b)) to re-determine the Husband's residency, and to allow an application for alimony, alleging the excusable neglect of her attorney.[2] All motions were denied and this appeal was then docketed.

The issues before us are whether the Superior Court erred: (1) in dividing the parties' property; (2) in refusing to vacate the divorce decree and hold a hearing on the Husband's residency; and (3) in determining that it lacked jurisdiction to award alimony. For the reasons outlined below, we affirm as to (1) and (2), and we reverse and remand as to (3).

## II

The Wife argues, first, that the Trial Court abused its discretion in dividing the parties' property because she was awarded less than the Husband.

◼ The Court granting a divorce has broad, equitable powers with respect to the division and allocation of marital property, 13 *Del.C.* § 1513; *Wife W. v. Husband W.,* Del.Super., 307 A.2d 812 (1973), *aff'd,* Del. Supr., 327 A.2d 754 (1974), and, on appeal from such decision, the inquiry is whether the Court abused its discretion. *W v. W,* Del.Supr., 339 A.2d 726 (1975).

◼ Upon review of the record, we note that valuable property other than that assigned by the Court was received by the Wife and, viewed in context, the property division made by the Court was fair and constituted a reasonable exercise of discretion. Accordingly, the order as to the property division is affirmed.

## III

Next, the Wife contends that the Trial Court erred in refusing to grant her Rule 60(b) motion to open the divorce decree so that she might challenge the Court's finding of the Husband's domiciliary intent. The motion was supported by an affidavit which recited that the Husband was planning to leave Delaware to marry another person and to reside with her in New Jersey.

◼ A motion for relief under Rule 60(b) is addressed to the Court's sound discretion, see 11 Wright and Miller, *Federal Practice and Procedure,* § 2857, and a decision on such motion will be set aside on appeal only for abuse. *Id.* at § 2872.

◼ In denying the Wife's motion, the Superior Court determined that events which allegedly occurred many months after the divorce decree did not establish lack of domiciliary intent at the requisite time, *i. e.,* when the complaint for divorce was filed, and therefore did not require a review

---

2. During oral argument in this Court, counsel for the Wife tendered an affidavit stating his responsibility for failure to timely file a petition for alimony. When exercising our appellate jurisdiction, this is not a record-making Court and, for that reason, the offer of the affidavit is refused.

of the Court's earlier factual findings regarding the Husband's domiciliary intent. Denial of the Wife's motion on this basis does not constitute an abuse of discretion. Accordingly, that part of the Superior Court's order denying the motion to vacate the decree and to hold a hearing on residency, is affirmed.

IV

Finally, the Wife argues that the Superior Court erred in holding that it lacked jurisdiction to consider her request for alimony. As we have noted, she applied for alimony after the divorce decree was entered, but before the property hearing. The Husband argued, and the Superior Court agreed, that, under 13 *Del.C.* § 1518(b), the Court was without authority to hear the alimony request because it was untimely.

13 *Del.C.* § 1518(b) reads as follows:
"(b) In the decree granting or denying a petition for divorce or annulment, or in a separate order entered after the entry or denial of a decree of divorce or annulment, the Court shall dispose of all prayers or requests concerning alimony, disposition of property, resumption of former name and other incidental or collateral matters relevant to the decree, where appropriate under the facts and law, but (1) an application for relief therefor must have been presented to the Court before the hearing to determine whether a divorce or annulment decree should be granted and (2) an application for a hearing therefor must have been made to the Court before or at the time of the entry or denial of a decree of divorce or annulment."

Section 1518(b) must be read in connection with § 1512(a) which provides:
"(a) The Court may grant an alimony order for respondent if the petition for divorce avers that the marriage is irretrievably broken because of incompatibility or mental illness and respondent, or someone on his or her behalf, shall aver in an affidavit filed in the action and prove by a preponderance of the evidence that respondent:

(1) Is dependent upon petitioner for support but petitioner is not contractually or otherwise obligated to support respondent after the entry of a divorce decree;

(2) Lacks sufficient property, including marital property apportioned to him or her, to provide for his or her reasonable needs; and

(3) Is unable to support himself or herself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home."

It is quite clear to us that § 1512(a) is the seminal statute authorizing an award of alimony in this State. In so many words, § 1512(a) says that the Court "may grant an alimony order" and then specifies what must be shown before an award may be made. Given the plain and direct language of § 1512(a), an elaborate restatement or analysis thereof is unnecessary to demonstrate that it is the statute which confers alimony jurisdiction on the Trial Court.

What, then, of § 1518(b)? What part does it play in the statutory plan permitting an award of alimony? The Superior Court held, in effect, that it is a jurisdictional statute and compliance with its terms is essential before the Court may exercise judicial power; since the requisite request had not been made before the hearing on the merits of the divorce, the Court concluded that it was without authority to consider it.

We have already held that § 1512(a), not § 1518(b), is the jurisdictional statute and so our disagreement with the Trial Court's analysis is self-evident. In our opinion, § 1518(b) is a procedural statute, designed to provide fair notice to the Court and to all parties of the relief, if any, which will be requested incidental to the divorce proceedings. And the procedural norm is that an application for such relief is to be filed before the hearing on the merits of the divorce.

Certainly, it is desirable that the Court and counsel know the dimensions of the marital controversy before a trial on the merits is held, so that issues can be identified, settled and/or assigned for hearing under circumstances which are most economic for the Court and the litigants. But what if, as here, a request for relief is not timely within the statutory norm?

While the critical issue in this and comparable cases is often alimony or property division, § 1518(b) is directed to more than these two subjects. Specifically, its terms apply to prayers concerning "alimony, disposition of property, resumption of former name and other incidental or collateral matters relevant to the decree."

These are *in pari materia* and the statute applies equally to each of them. We may expect a timely filing for alimony to be more important (for practical reasons) than a request for "resumption of former name" but the Statute, by its terms, applies equally to each subject. And yet, it would be unreasonable, in our opinion, to construe § 1518(b) as meaning that the Trial Court is without jurisdiction to authorize "resumption of former name" merely because a prayer for it was not made until after trial on the merits. We think that the Legislature did not intend, in that case, to remit an applicant for resumption of former name to a change-of-name proceeding in a different Court. But that is what would be required under the Trial Court's analysis of § 1518(b).

The Statute also provides that an application for relief as to some "incidental or collateral matters relevant to the decree" must be filed before final hearing, yet some of these, by definition, cannot be known until a decree is entered and, of course, it cannot be entered until after trial.

■ We hold that failure to comply with the procedural norms of § 1518(b) (including, as here, a failure to timely file for the relief sought) does not deprive the Court of jurisdiction to consider an application for and to award relief as to the subjects stated therein, including alimony. Any late application must, of course, be scrutinized with

care before it is granted. Indeed, given the purpose of the statutory norms, the Trial Court might well borrow the Rule 60(b) criteria in testing an applicant's right to relief. But, the crucial point is that the Court is not helpless. It has the power to consider late filings and, under appropriate circumstances, to award relief.

It follows, therefore, that the Superior Court erred in holding that it lacked jurisdiction to award alimony under § 1518(b) because the petition was not timely filed.

Accordingly, as to this aspect of the appeal, we reverse and remand for a determination as to whether the petition for alimony should have been heard and, if so, for hearing thereon.

Affirmed in part; reversed and remanded in part.