JAMES, Judge:
Separate divorce actions before three judges of this Court require an interpretation of 13 Del.C. § 1518(h), a recent amendment to the Delaware Divorce and Annulment Act, Chapter 15, Title 13. Following extensive briefing, three judges of the Court sat en bane to hear oral argument from the attorneys representing all parties to the above divorces. Section 1518(h) provides:
“In order to assist a party to achieve independent financial status, the Court may award temporary alimony, or continue an award of interim alimony, for a period of time immediately following the divorce, but not to exceed 2 consecutive years if the marriage existed less than 20 years on the date of the commencement of the action, pursuant to the requirements and on the conditions specified in § 1512 of this title, except that the party seeking temporary alimony may be a petitioner or a respondent, and, if a respondent, without regard to the characterization of the marriage under § 1512(a) of this title. Nothing herein shall limit allowance of alimony under § 1512 of this title.”
This enactment also included two qualifying amendments to § 1502, the purpose and construction section of the Act:
“This chapter shall be liberally construed and applied to promote its underlying purposes, which are:

*261 “(5) Except as provided in § 1518(h) of this title, to award alimony only to respondents divorced on account of incompatibility or mental illness who are dependent upon petitioner for support, but only during the continuance of such dependency;

“(7) Except as provided in § 1518(h) of this title, not to award alimony to petitioners who seek divorce for any reason and reject the respondent as a spouse.”
In brief, the parties to the above actions have urged this Court to adopt the following interpretations of § 1518(h):
1. A petitioner and respondent may seek alimony where the divorce action is filed on any ground *; or
2. A petitioner may not seek alimony where the divorce action is filed on the grounds of incompatibility or mental illness, but may seek alimony where the divorce action is filed on the grounds of voluntary separation or misconduct; or, conversely,
3. A petitioner may not seek alimony where the divorce action is filed on the grounds of voluntary separation or misconduct, but may seek alimony where the divorce action is filed on the grounds of incompatibility or mental illness.
Reading § 1518(h) as part of the Divorce and Annulment Act, the Court concludes that, following a final decree of divorce, a respondent may seek an award of alimony where the divorce action is filed on any ground, but a petitioner may seek an award of alimony only if the requirements of § 1512(a) are satisfied by instituting a divorce action on the grounds of incompatibility or mental illness. Of course, any party seeking alimony must prove by a preponderance of evidence the necessary requisites of § 1512(aXlM3) before an alimony award may be entered by the Court.
Although urged to do so, the Court refuses to insert the element of fault into the interpretation of § 1518(h), or to apply the “rejected spouse doctrine,” since every spouse who seeks a divorce on any ground rejects the other spouse; instead, the Court was required to examine the specific language of the amendments.
The amendments have accomplished two results: A respondent may now seek alimony regardless of the grounds for the divorce; and a petitioner may seek alimony if the grounds for the divorce action are incompatibility or mental illness. Perhaps the amendments, as interpreted by the Court, may not have accomplished all that was intended by the legislature; however, that is a matter for future legislative consideration. The statutes themselves are clear and unambiguous and the Court, therefore, should not consider legislative history; nor should the Court construe a statute when no ambiguity exists. Opinion of the Justices, Del.Supr., 290 A.2d 645, 647 (1972).
IT IS SO ORDERED.

 The grounds for divorce are set forth in 13 Del.C. § 1505(b):
“A marriage is irretrievably broken where it is characterized by (1) voluntary separation, or (2) separation caused by respondent’s misconduct, or (3) separation caused by respondent’s mental illness, or (4) separation caused by incompatibility.”