HORSEY, Justice:
In this domestic relations appeal from Family Court, the questions presented relate to the statutory grant of “temporary alimony” under 13 Del.C. § 1518(h) and more specifically, whether it may be awarded to a petitioner who obtains a divorce on grounds of incompatibility.
After petitioner (wife) obtained a divorce for incompatibility which was not contested, respondent (husband) contested her claims for ancillary relief, including alimony, child support, division of marital property and attorneys fees. Respondent appeals Family Court’s award of alimony to petitioner, contending (1) that 13 Del.C. § 1518(h) does not permit an award of “temporary alimony” to a petitioner who obtains a divorce for incompatibility; and (2) that if such an award is permitted, there was insufficient evidence of petitioner’s dependency and inability to support herself to sustain the award.[1] *1234 We affirm the Family Court on both questions but disagree with the Court’s analysis of 13 Del.C. § 1518(h) and its conclusions as to the limited breadth and purpose of the temporary alimony statute as reported in L.C. v. A.C.C., Del.Fam.Ct., 407 A.2d 259 (1979).
I
In 1978 the Delaware Legislature, by 61 Del.Laws, c. 204, amended Delaware statute law as set forth in 13 Del.C., Chapter 15 by authorizing Family Court to award “temporary alimony” in divorce and annulment actions, effective January 24, 1978.
Prior thereto, Family Court’s authority[2] to grant alimony following divorce of the parties (and only in divorce and not in annulment actions) was narrowly circumscribed: a petitioner was not eligible for alimony following entry of decree of final divorce regardless of his or her grounds for divorce; and a respondent was eligible for alimony only where the granted ground for divorce was either incompatibility or his/her mental illness. 13 Del.C. § 1502(5), (6) and (7) and § 1512, set out below.
Thus, a party petitioning for divorce was foreclosed from alimony following divorce regardless of his or her grounds for divorce; [3] and a respondent whose divorce was based upon voluntary separation or separation caused by respondent’s misconduct was not eligible for alimony following entry of a final decree of divorce.
Legislative intent to so limit the award of alimony following divorce was set forth in 13 Del.C. § 1502, which provided, in part, as follows:

“§ 1502. Purpose; construction.

This chapter shall be liberally construed and applied to promote its underlying purposes, which are:
* % $ * & *
(5) To award alimony only to respondents divorced on account of incompatibility or mental illness who are dependent upon petitioner for support, but only during the continuance of such dependency;
(6) To award alimony in appropriate cases so as to encourage respondents to become self-supporting;
(7) Not to award alimony to petitioners who seek divorce for any reason and reject the respondent as a spouse.”
Section 1512, which was not amended by the “temporary alimony” legislation hereafter referred to, then and continues to provide in pertinent part, as follows:

“§ 1512. Alimony in divorce actions; waiver or release.

(a) The Court may grant an alimony order for respondent if the petition for divorce avers that the marriage is irretrievably broken because of incompatibility or mental illness and respondent, or someone on his or her behalf, shall aver in an affidavit filed in the action and prove by a preponderance of the evidence that respondent:
(1) Is dependent upon petitioner for support but petitioner is not contractually or otherwise obligated to support respondent after an entry of a divorce decree;
(2) Lacks sufficient property, including marital property apportioned to him or *1235 her, to provide for his or her reasonable needs; and
(3) Is unable to support himself or herself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.
(b) The alimony order shall be in such amounts and for such periods of time as the Court deems just, without regard to marital misconduct, and after considering all relevant factors including . . . .”
As stated, in 1978 the Legislature by 61 Del.Laws, c. 204, enacted, “AN ACT TO AMEND CHAPTER 15, TITLE 13, DELAWARE CODE RELATING TO TEMPORARY ALIMONY IN DIVORCE AND ANNULMENT ACTIONS.” To accomplish this, the General Assembly amended § 1502 of Title 13 by striking paragraphs (5), (6) and (7), quoted above, and by substituting in their place new paragraphs (5), (6) and (7), reading as follows:[4]
“(5) Except as provided in $ 1518(gl of this title, to award alimony only to respondents divorced on account of incompatibility or mental illness who are dependent upon petitioner for support, but only during the continuance of such dependency;
(6) To award alimony in appropriate cases so as to encourage parties to become self-supporting;
(7) Except as provided in § 1518(g) of this title, not to award alimony to petitioners who seek divorce for any reason and reject the respondent as a spouse.”
The legislation further amended § 1518 [5] of. Title 13 by adding a new subsection (g) [relettered (h) in the 1974 Revised Code as amended] which provides as follows:
“(h) In order to assist a party to achieve independent financial status, the Court may award temporary alimony, or continue an award of interim alimony, for a period of time immediately following divorce, but not to exceed 2 consecutive years if the marriage existed less than 20 years on the date of the commencement of the action, pursuant to the requirements and on the conditions specified in § 1512 of this title, except that the party seeking temporary alimony may be a petitioner or a respondent, and, if a respondent, without regard to the characterization of the marriage under § 1512(a) of this title. Nothing herein shall limit allowance of alimony under § 1512 of this title.”
II
• While the language of § 1518(h) may be somewhat convoluted, the legislative purpose behind the statute is clear enough (a) when related to the other amendments of § 1502, as set forth above, and (b) given the “synopsis"[6] attached to the Act. That in *1236 tent is (a) to establish a new category of alimony — denominated “temporary” alimony — whose purpose is to “assist a party to achieve independent financial status”; and (b) to allow such alimony to a petitioner or respondent, without distinction “so as to encourage parties[7] to become self-support-, ing”, in the words of § 1502(6) as amended by the Act.
We view alimony awards under § 1512 and § 1518(h) as intended to serve wholly different purposes and as providing independent bases for their respective awards. Section 1512 alimony is limited to a respondent who is divorced either on the basis of incompatibility or for his or her mental illness; and the alimony so awarded may be without limit in time, though subject to review. In contrast, § 1518 permits the Court to award “temporary” alimony to either party (following divorce) and without regard to the basis on which the divorce may have been granted. However, the alimony awarded may be generally expected to be more limited in time since its purpose is “to assist a party to achieve independent financial status.”
Ill
Respondent’s arguments for a contrary construction of § 1518(h) to deny petitioner standing to seek § 1518(h) alimony are not persuasive. First, he argues that to construe § 1518(h) as conferring unqualified standing upon a petitioner to seek temporary alimony is contrary to legislative intent as expressed by the sponsor of the Act in discussing the Bill before its passage. The transcript of the sponsor’s remarks does suggest that the relief provided by the Bill would not be available to a petitioner who “rejects” his/her spouse.
However, the transcript is both garbled and incomplete, and the statement relied upon is contradicted by other earlier statements of the Bill’s sponsor that its purpose is to put petitioners and respondents on an equal footing to seek such relief, as the amendment to § 1502(6) makes patently clear. And the Act’s amendment of subparagraph (7) of § 1502, as set forth above, also clearly excludes § 1518(h) alimony from the rejected spouse stricture otherwise operative against a petitioner seeking § 1512 alimony. In the face of the clear and unequivocal language changes of § 1502 and § 1518(h), the “rejected spouse” precept must be said to have no application to a claim for “temporary” alimony under § 1518(h). Cf., Opinion of the Justices, Del.Supr., 290 A.2d 645, 647 (1972).
Respondent’s remaining arguments are equally unpersuasive. He states that to allow a petitioner obtaining a divorce for incompatibility to seek temporary alimony will lead to an “excessive” result without supportive reasoning. Finally, respondent argues that § 1518(h) must intend to make a distinction between a respondent and a petitioner since a respondent’s rights are expressly stated to be “without regard to the characterization of the marriage under § 1512(a)”, thereby implying the converse as to a petitioner. Suffice it to say that the argument seeks to turn the statute, “inside out” by construing the above-quoted phrase of § 1518(h) as if it were intended to inject concepts of fault as conditions on standing of a petitioner to seek § 1518(h) alimony while simultaneously removing all qualifications as to a respondent’s like standing.
IV
While in this case the Family Court reached the correct result as to petitioner’s standing, the Court found in L.C. v. A.C.C., supra,[8] no similar standing of a petitioner to *1237 seek like relief where the petitioner obtains a divorce for respondent’s misconduct or by reason of voluntary separation of the parties. We disagree; for we find no basis in the Act in question for giving § 1518(h) such a bizarre construction. The Court so held by apparently reading the phrase, “pursuant to the requirements and on the conditions specified in § 1512 of this title” as referring to the limited standing of a respondent to seek alimony under § 1512, that is, only if divorced on the grounds of incompatibility or mental illness. However, we think it fairly clear that “requirements” refers to the proof of dependency requirements as set forth in subparagraphs (1), (2) and (3) of paragraph (a) § 1512; and that the “conditions” within § 1512 that § 1518(h) refers to are the factors enumerated in subparagraphs (1) through (7) of subparagraph (b) of § 1512 (for determining the amount of alimony to be awarded) as well as those of § 1512(c).
Stated another way, we construe § 1518(h) as incorporating by reference from § 1512 only the requirements and conditions of § 1512 as to proof of dependency, and exclusion by contractual waiver, and as not incorporating the provisions of § 1512 as to standing of a party (by characterization of the marriage) to seek alimony. Any other construction would be totally inconsistent with the remaining language of § 1518(h), “except that the party seeking temporary alimony may be a petitioner or a respondent, and, if a respondent, without regard to the characterization of the marriage under § 1512(a) of this title .
Thus, we read § 1518(h) as permitting an award of “temporary” alimony (following entry of a decree of divorce) to either party to a marriage and without regard to the characterization of the marriage or the basis upon which the divorce has been granted, subject to the party’s proof of dependency according to the requirements of subpar-agraphs (1), (2) and (3) of § 1512(a) and with the amount of alimony to be determined as provided under § 1512(b).
V
Respondent also argues that the Family Court erred in finding that petitioner qualified for temporary alimony, contending that petitioner did not make the required showing of dependency and inability to support herself. He refers to the Family Court’s finding that wife was unable to provide for her reasonable needs through suitable employment as required by § 1512(a)(3) applied via § 1518(h). We find that husband’s contention is without merit. The record clearly shows that wife was afflicted with multiple sclerosis and that she was advised by her treating physician against any employment. Despite contrary evidence advanced by husband, the Family Court was, in its capacity as finder of fact, free to accept the testimony of wife and her physician and to reject contrary evidence. Clearly there is sufficient evidence in the record to support such finding.
* * * # * *
Affirmed.

. Respondent also appeals as to the award of attorneys fees but only if he prevails on the alimony issues.

. Apart from its authority under 13 Del.C. § 1509 to enter interim orders pending final hearing for “temporary alimony” to either party in a divorce or annulment proceeding, commonly referred to as alimony pendente lite.

. 13 Del.C. § 1505 recognizes only four grounds for divorce: (1) voluntary separation; (2) incompatibility; (3) respondent’s misconduct; and (4) respondent’s mental illness.

. Underlining added to indicate change in language from old (5), (6) and (7).

. The caption heading of § 1518, as restated following the addition of (h) provides, “Decree in divorce or annulment proceedings: costs: notice of entry: effect on mentally incompetent spouse: effect on subsequent petitions: temporary alimony.”

. The Act’s synopsis states as follows:
“Under present law, alimony after divorce is allowed only to dependent respondents in incompatibility and mental illness cases. This bill broadens the law and will allow alimony to either a dependent petitioner or respondent for up to two years following the divorce to aid achievement of independent financial status, and without time limitation if the parties have been married 20 years or more, the feeling being that 20 years of marriage ought to permit the court to consider support for a spouse without being faced with a two-year time limitation. By analogy, federal law permits a spouse to obtain social security benefits based upon the entitlement of the other spouse, if the marriage has lasted 20 years or more.”

. Underlining added to emphasize the Act’s substitution of “parties” for “respondents.”

. L.C. v. A.C.C., supra, involved three separate divorce actions based on different factual circumstances that were consolidated by reason of their common statutory questions-interpretations of 13 Del.C. § 1518(h).