WALTER S.J., Respondent
Below, Appellant,

v.

M. LORRAINE J., Petitioner
Below, Appellee.

Supreme Court of Delaware.

Submitted: Oct. 19, 1982.

Decided: Jan. 17, 1983.

**320**

Wilfred J. Smith, Jr. (argued) and John F. Gangi, Wilmington, for respondent below, appellant.

Edward A. Tos (argued), Wilmington, for petitioner below, appellee.

Before QUILLEN, HORSEY and MOORE, JJ.

HORSEY, Justice:

This domestic relations appeal relates to ancillary matters following divorce of the parties and raises issues of a jurisdictional as well as a substantive nature. The controlling statute law is that which was in effect in January, 1979, when appellee wife petitioned for divorce.

The jurisdictional-threshold issue is whether Family Court improvidently retained jurisdiction over ancillary matters raised exclusively by petitioner-wife. Respondent-husband seeks reversal on two related grounds: (1) petitioner's failure to comply with §§ 1512(a) and 1518(c) of Title 13 as then written; and (2) the Court's failure to require petitioner to make a Rule 60(b)-type [1] showing of excuse for such noncompliance. On this issue we find no abuse of discretion or error of law. Therefore, we affirm Family Court's interlocutory order of June 17, 1980 retaining jurisdiction over all ancillary matters raised by petitioner-wife.

As to the remaining substantive issues, we agree with respondent-husband that the Trial Court committed legal error in granting "indefinite" alimony in the amount of $600 per month to petitioner-wife under then § 1518(h) [2] of Title 13 (since repealed) by letter-order dated April 13, 1981. Otherwise, we affirm the remaining rulings below on the merits as to the division of marital property and attorney's fees awarded wife.

By reason of the nature of the threshold issue relating to the Court's exercise of jurisdiction over ancillary matters, the facts must be stated with some detail:

In January, 1979, wife filed a petition for divorce from husband on grounds of incompatibility. Wife's petition did not include any request that the Court retain jurisdiction to determine matters ancillary to the divorce. Husband filed an answer contesting the petition but also failed to ask for ancillary relief.

---

1. Respondent refers to Superior Court Civil Rule 60(b), which provides, *inter alia,* that: "On motion and upon such terms as are just, the Court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect." Family Court Rules did not include a rule equivalent to Superior Court's Rule 60(b).

2. 13 *Del.C.* § 1518(h) then provided:
   "(h) In order to assist a party <u>to achieve independent financial status</u>, the Court may award <u>temporary alimony</u>, or continue an award of interim alimony, for a period of time immediately following the divorce, but not to exceed two consecutive years if the marriage existed less than 20 years on the date of the commencement of the action, pursuant to the requirements and on the conditions specified in § 1512 of this title, except that the party seeking <u>temporary alimony</u> <u>may be a petitioner or a respondent</u>, and, if a respondent, without regard to the characterization of the marriage under § 1512(a) of this title. Nothing herein shall limit allowance of alimony under § 1512 of this title." 61 *Del.Laws,* C. 204, § 2, effective January 24, 1978, repealed by 62 *Del.Laws,* C. 168, effective August 12, 1979. (underlining added for emphasis).

The contested divorce hearing was held in May, 1979. At the conclusion of the hearing, the Trial Judge found that grounds for divorce existed but also noted that neither party had asserted any claim for relief as to ancillary matters. Wife informed the Court of her intention to seek such relief; and the Trial Judge then agreed to delay entry of a final divorce decree "until the parties file[d] the necessary documents" for reserving jurisdiction over ancillary matters.[3]

That same day, wife mailed a letter to the Court requesting it to retain jurisdiction to determine counsel fees, alimony, support, custody, visitation and property division. Wife also indicated that she intended to refile her petition for interim relief if the parties could not amicably resolve the support issue as she had no source of income aside from her husband.

The Court received wife's letter on May 14, 1979 and promptly entered a final decree of divorce. Husband, in a letter dated May 11, 1979, not received by the Court until May 15, 1979, objected to wife's amendment of the pleadings by letter. Husband contended that 13 *Del.C.* § 1518(c) required a formal written motion. The

Court instructed wife to resubmit her request in motion form by May 18, 1979. Wife filed a formal motion but not until May 30. Her motion corresponded substantially to her original letter-motion. She also filed a second petition for emergency relief.[4]

Husband and wife then engaged in a protracted battle over wife's right to *pendente lite* alimony and possession of the family home, with Family Court issuing several interim orders. Finally, on February 26, 1980, wife filed a motion asking that husband be restrained from dissipating or disposing of marital assets. Husband countered with a motion to strike all wife's requests for ancillary and interim relief for lack of jurisdiction based on: (1) wife's failure to file an affidavit of dependency under 13 *Del.C.* § 1512(a); and (2) her failure to file a formal motion that Family Court retain ancillary jurisdiction under 13 *Del.C.* § 1518(c) prior to the entry of the final divorce decree.[5]

The Trial Court rejected both contentions. It ruled that although the procedural requirements of both 13 *Del.C.* § 1512(a)[6] and § 1518(c)[7] had not been strictly fol-

---

**3.** The Court had also previously noted wife's emergency petition for interim support and exclusion of husband from the marital home; but the Court refused to rule on either issue until ancillary jurisdiction had been perfected.

**4.** The question of ancillary relief then remained dormant for over 6 months while husband pursued an appeal of the divorce decree to this Court which was dismissed by stipulation in January, 1980.

**5.** At the trial level, husband argued that Family Court was "without jurisdiction" to grant any ancillary relief to wife for the reasons hereafter stated. On appeal, husband modifies his jurisdictional argument by conceding Family Court's jurisdiction to hear petitioner's request for ancillary relief, only contending that the Court abused its discretion in doing so in this case.

**6.** 13 *Del.C.* § 1512(a), as of January, 1979, provided:
"(a) The Court may grant an alimony order for respondent if the petition for divorce avers that the marriage is irretrievably broken because of incompatibility or mental ill-

ness and respondent, or someone on his or her behalf, shall aver in an affidavit filed in the action and prove by a preponderance of the evidence that respondent:
(1) Is dependent upon petitioner for support but petitioner is not contractually or otherwise obligated to support respondent after the entry of a divorce decree;
(2) Lacks sufficient property, including marital property apportioned to him or her, to provide for his or her reasonable needs; and
(3) Is unable to support himself or herself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home." 59 *Del.Laws,* C. 350. (underlining added for emphasis).
Effective August 12, 1979, present § 1512 was enacted by 62 *Del.Laws,* C. 168, but was expressly not made applicable to actions previously filed.

**7.** 13 *Del.C.* § 1518(c) then and now provides:
"(c) In the decree granting or denying a petition for divorce or annulment, or by separate

lowed, the notice purpose of the statutes had been fulfilled and jurisdiction had been properly reserved.

On appeal, husband seeks reversal not on grounds of lack of jurisdiction or error of law but for "manifest abuse of discretion" by the Court in accepting ancillary jurisdiction in the face of wife's failure to comply with § 1512 and § 1518, absent a Rule 60(b) showing of excuse.

## I

■ It was entirely proper and clearly in the interests of justice for Family Court *sua sponte* to raise the issue of ancillary matters and to defer entry of its decree of divorce pending application from either party for ancillary relief. *See,* 13 *Del.C.* § 1502.[8]

13 *Del.C.* § 1518(c) states that the Court, "by separate order or orders preceding or following [a divorce decree] shall dispose of all other prayers for relief", subject to the caveat that, "an application for such relief and a hearing thereon must be presented in the petition or response, or by motion after notice to the other party prior to the entry or denial of such decree." In *Wife B. v. Husband B.,* Del.Supr., 395 A.2d 358 (1978), this Court held that § 1518 was a procedural and not a jurisdictional statute; and that its purpose is simply to give "fair notice" to the Court as well as all parties of what relief will be requested in the proceeding incidental to the divorce hearing.

Similarly, § 1512(a), requiring the filing of an affidavit of dependency in support of a § 1512 alimony claim, has been construed as imposing a procedural rather than a jurisdictional requirement, again, that of notice of the assertion of an alimony claim. *G.S.G. v. P.S.G.,* Del.Supr., 412 A.2d 319 (1980). However, the provisions of former § 1512 had no application to petitioner but only to a respondent seeking alimony. Hence, the procedural requirements controlling petitioner's claim were as set forth in § 1518(h) of Title 13.

While § 1518(h) incorporated the "requirements" and "conditions specified in § 1512", including the filing of an affidavit of dependency, the affidavit was, as stated above, "a procedural rather than a jurisdictional requirement which was susceptible to being cured or waived." *G.S.G. v. P.S.G., supra,* at 322.

It seems patently clear that the Trial Court treated petitioner's letter request for ancillary relief as not only effectively preserving the Court's jurisdiction to determine ancillary matters but also as satisfying § 1518(c)'s requirement of notice of petitioner's various prayers for ancillary relief.[9]

The critical issue then is whether husband received fair notice of the ancillary relief sought by wife. *Wife B. v. Husband B., supra.* Husband argues that "fair notice" requires notice to be given prior to any hearing on the merits of divorce. Any oth-

order or orders preceding or following such decree, the Court shall dispose of all other prayers for relief, where appropriate under the facts and law; <u>but an application for such relief and a hearing thereon must be presented in the petition or response, or by motion after notice to the other party prior to the entry or denial of such decree.</u>" (underlining added for emphasis). 61 *Del.Laws,* C. 365, § 20 (effective June 27, 1978).

8. 13 *Del.C.* § 1502 then provided that the Delaware Divorce and Annulment Act, codified in Chapter 15 of Title 13, is to be "liberally construed and applied to promote its underlying purposes ... (1) To promote the amicable settlement of disputes that have arisen between parties to a marriage; (2) To mitigate the potential harm to spouses ... caused by the proc-

ess of legal dissolution of marriage; ... (5) Except as provided in § 1518(g) of this title, to award alimony only to respondents divorced on account of incompatibility or mental illness who are dependent upon petitioner for support, but only during the continuance of such dependency; (6) To award alimony in appropriate cases so as to encourage parties to become self-supporting...." 61 *Del.Laws,* C. 204, effective January 24, 1978.

9. The Trial Judge stated, "There is no dispute that respondent had notice of the ancillary matters petitioner wished to raise, including alimony, since her prayers were set forth in the May 10, 1979 letter from petitioner's attorney to the Court...."

er interpretation, he asserts, renders notice meaningless and allows one party to ambush the other party by raising ancillary claims at any time. Husband's concern is more theoretical than real under the facts of this case.

■ Under the facts of this case, we cannot conclude that the Court abused its discretion in permitting a departure from the "procedural norm"[10] of application for ancillary relief before the hearing on the merits of the divorce.

The record simply does not support husband's "ambush" claim. Rather, it supports the Trial Court's conclusion that wife's May 10, 1979 letter request gave husband fair and timely notice of the ancillary issues she wished to raise. It should be noted that wife had petitioned for interim support and other relief even before the contested divorce hearing was held. Wife's May 10 letter reiterated her need for support and her intention to file a new petition for emergency relief if the parties could not agree on the issues. Given these facts, plus the fact that the ancillary hearing was not held until some 18 months after wife's May 10 letter notice, we are not persuaded that husband was denied timely notice of wife's claim for alimony and support.

■ As the ultimate question is one of notice, we must also reject husband's contention that the Trial Court abused its discretion in failing to require wife to make a Superior Court Civil Rule 60(b) showing before it accepted her "late filing."

Husband derives this requirement from dicta in *Wife B. v. Husband B., supra.* Although this Court in *Wife B.* did suggest that the Trial Court "might well borrow the Rule 60(b) criteria" when considering late filings, it did not mandate application of

Rule 60(b) principles. On the contrary, the Court went on to state, "But, the crucial point is that the Court is not helpless. It has the power to consider late filings and, under appropriate circumstances, to award relief." *Wife B. v. Husband B., supra,* at 361. It must also be noted that this Court was there reviewing an appeal from Superior Court of a claim filed in 1975 before jurisdiction over divorce actions was transferred to the Family Court. We cannot find Family Court to have abused its discretion in not borrowing the criteria of a Superior Court rule governing relief from final judgments, orders or proceedings not the issue here. In any event, we agree with the clear implication of the Trial Judge's action. It was patently in the interest of justice that ancillary matters be permitted to be raised. *See,* Superior Court Civil Rule 60(b)(6).

Husband next claims that the Trial Court erred as a matter of law in awarding his spouse of 33 years indefinite alimony of $600 per month. Husband argues that inasmuch as wife was the petitioner, any alimony award to her was controlled by 13 *Del.C.* § 1518(h) and limited to a period of two years. (See footnote 2 above.) Husband thereby appeals Family Court's letter opinion-order of April 13, 1981 following ancillary hearing, and the Court's ruling:

> As to petitioner's claim for alimony, the Court, after considering the statutory guidelines for such an award, and considering the fact that the husband's income is close to $30,000, considers that petitioner is entitled to indefinite alimony in the amount of $600 per month with the expectation that she can supplement that income by some part-time employment which would produce an additional $200 per month which should be adequate for her needs.

**10.** As this Court stated in *Wife B. v. Husband B.:*

> ... the procedural norm is that an application for such relief is to be filed before the hearing on the merits of the divorce.
>
> Certainly, it is desirable that the Court and counsel know the dimensions of the marital controversy before a trial on the merits is

held, so that issues can be identified, settled and/or assigned for hearing under circumstances which are most economic for the Court and the litigants. But what if, as here, a request for relief is not timely within the statutory norm?

395 A.2d at 360, 361.

Husband's argument breaks down into three parts: *one,* that petitioner's right to postdivorce alimony was foreclosed under then § 1512 of Title 13 and was limited to then § 1518(h) of Title 13; *two,* that § 1518(h) permits only "temporary" alimony, thereby precluding "indefinite" alimony; and *three,* that under § 1518(h) petitioner's alimony award could not exceed two years, notwithstanding their marriage of 33 years. We agree as to *one* and *two* but not as to *three.*

■ Under our present alimony statute, 13 *Del.C.* § 1512, Family Court is authorized to grant postdivorce alimony to a dependent party, including a petitioner as well as a respondent, though subject to the limitations of § 1512(a)(3).[11] However, when wife filed for divorce in January, 1979, a petitioner had no right to alimony under § 1512. Alimony was expressly limited to respondents and then under limited circumstances. (See footnote 2 above.) Husband is therefore correct that wife's eligibility for postdivorce alimony is limited to that provided under 13 *Del.C.* § 1518(h). (See footnote 2 above.)

■ We also agree that § 1518(h) may not be construed as authorizing an award of "indefinite" alimony regardless of whether the marriage continued beyond 20 years. "Indefinite" is the antithesis of "temporary"; and § 1518(h) clearly speaks not once but twice to the award of "temporary" alimony. Thus, the statute, originally designated as § 1518(g), provided:

(g) <u>In order to assist a party to achieve independent financial status</u>, the Court may award <u>temporary alimony</u>, or continue an award of interim alimony, for a period of time immediately following the divorce, but not to exceed two consecutive years if the marriage existed less than 20 years on the date of the commencement of the action, pursuant to the requirements and on the conditions specified in § 1512 of this title, except that the party seeking <u>temporary alimony may be a petitioner or a respondent</u>, and, if a respondent, without regard to the characterization of the marriage under § 1512(a) of this title. Nothing herein shall limit allowance of alimony under § 1512 of this title.

61 *Del.Laws,* C. 204, § 2, effective January 24, 1978, repealed by 62 *Del.Laws,* C. 168, effective August 12, 1979. (underlining added for emphasis).

Further, the statute's opening phrase expresses its underlying purpose, namely, that "temporary alimony" may be awarded, "[i]n order to assist a party to achieve independent financial status...." This language confirms a legislative intent: that § 1518(h) alimony be temporal, not indefinite; that it not "exceed two consecutive years" for a marriage of less than 20 years; and that otherwise its duration be measured by the time needed for the dependent spouse "to achieve independent financial status."

We stated as much in *J.P.D. v. J.M.D.,* Del.Supr., 413 A.2d 1233 (1980). There, in comparing alimony awarded under former

---

**11.** Effective August 12, 1979, 13 *Del.C.* § 1512(a), as set out in footnote 6 above, was rewritten to provide, in part, as follows:

(a) The Court may grant alimony for a dependent party as follows:

(1) Temporary alimony for either party during the pendency of an action for divorce or annulment;

(2) Alimony for a respondent commencing after the entry of a decree dissolving an irretrievably broken marriage characterized by mental illness; or

(3) Alimony for a petitioner, or for a respondent who does not qualify for alimony under paragraph (2) of this subsection, commencing after the entry of a decree of divorce or annulment but not to continue for more than 2 years after marriage dissolution unless the parties were married for more than 20 years.

\* \* \* \* \* \*

(c) The alimony order shall be in such amounts and for such time, except as limited in time under subsection (a) of this section, as the Court shall deem just without regard to marital misconduct and after considering all relevant factors justified by the evidence, including....

As previously stated, this legislation operated prospectively only. See footnote 6 above.

§ 1512 (before its amendment effective August, 1979, see footnote 6 above) with alimony awarded under § 1518(h), we contrasted an award under § 1512 as being "without limit in time" with an award under § 1518. The latter type award we characterized as "more limited in time since its purpose is 'to assist a party to achieve independent financial status.'" 413 A.2d at 1236.

Our construction of the temporal nature of any alimony award under § 1518(h) is also reinforced by § 1502's statement of Chapter 15's general concept of alimony. See subparagraphs (5) and (6) thereof which, as set forth in footnote 8 above, provided:

... (5) Except as provided in § 1518(g) of this title, to award alimony only to respondents divorced on account of incompatibility or mental illness who are dependent upon petitioner for support, *but only during the continuance of such dependency;*

(6) To award alimony in appropriate cases *so as to encourage parties to become self-supporting. . . .* (emphasis added).

61 *Del.Laws,* C. 204, effective January 24, 1978.

Indeed, that underlying legislative purpose has remained constant to date; for current subsections (5) and (6) of § 1502 carry over the above underlined language of the former sections so as to emphasize the conditional nature of alimony. Thus, present subsections (5) and (6) provide:

(5) To award alimony under this chapter to a dependent party but only during the continuance of such dependency;

(6) To award alimony in appropriate cases so as to encourage parties to become self-supporting.

Wife relies upon the legislative synopsis of 61 *Del.Laws,* C. 204 enacting subsection (g) of § 1518 and this Court's footnote reference to the Act's synopsis in *J.P.D. v. J.M.D.* as supporting Family Court's indefinite award. The Act's synopsis provides:

Under present law, alimony after divorce is allowed only to dependent respondents in incompatibility and mental illness cases. This bill broadens the law and will allow alimony to either a dependent petitioner or respondent for up to two years following the divorce to aid achievement of independent financial status, and without time limitation if the parties have been married 20 years or more, the feeling being that 20 years of marriage ought to permit the court to consider support for a spouse without being faced with a two-year time limitation. By analogy, federal law permits a spouse to obtain social security benefits based upon the entitlement of the other spouse, if the marriage has lasted 20 years or more. (underlining added for emphasis).

An identical contention was made and rejected by this Court in *Donald R.R. v. Barbara S.R.,* 454 A.2d 1295 (1982), which we hereby report as a *per curiam* Opinion. Therein we held that Family Court's authority under § 1518(h) "was expressly limited—even as to marriages of 20 years or more—to awards on a 'temporary' basis." We did so on the same reasoning as set forth above. More particularly, we stated:

The Court below has misconstrued this Court's decision in *J.P.D. v. J.M.D.,* Del. Supr., 413 A.2d 1233 (1980) to mean that a party to a marriage of more than 20 years might, following divorce, be awarded alimony for an indefinite time under 13 *Del.C.* § 1518(h). The question here presented was not the issue in *J.P.D. v. J.M.D., supra.* Further, the Court below apparently relied on this Court's footnote reference in *J.P.D. v. J.M.D., supra,* to the legislative synopsis found in 61 *Del. Laws,* C. 204 as supportive of its construction of § 1518(h). However, counsel for petitioner concedes the synopsis to be inconsistent with the Act's provisions. As we stated in *J.P.D. v. J.M.D.,* alimony awarded under § 1512 (as written before its amendment by 62 *Del.Laws,* C. 168) "may be without limit in time" whereas alimony awarded under § 1518 was

"more limited in time since its purpose [was] 'to assist a party to achieve independent financial status.' " 413 A.2d 1236. Notwithstanding the concession of petitioner's counsel in *Donald R.R.,* we find the synopsis accompanying the enactment of § 1518(h) must be interpreted within the context of "temporary alimony." Therefore, our construction of § 1518(h) must prevail over the wife's reading of the Act's synopsis.

■ However, we cannot agree with husband that § 1518(h) must be construed as barring any award of alimony beyond two years. Had that been the legislative intent, there would be no reason for the Legislature to have qualified the limitation on temporary alimony by stating that it was "not to exceed two consecutive years if the marriage existed less than 20 years...." The unmistakable implication to be drawn from this language is that as to a marriage terminated after 20 years or more, Family Court was authorized to make an award of temporary alimony beyond the two-year limitation applicable to marriages of less than 20 years.

Thus, the Trial Court's error, as we perceive it, was in not justifying its failure to place any time limitation upon petitioner's award.

It may well be that, given a petitioner's age at time of divorce, length of marriage, health, education and vocational skills, or the lack of them, a party may never be able to achieve independent financial status. Hence, in a given case, a § 1518(h) award may take on the character of an indefinite award.

■ But here the Trial Court did not find that wife would never be able to achieve independent financial status. The Court did find that wife was 52 years old and in reasonably good health. It also found her to have a limited grade school education. It also found that over the 30 or more years of marriage, wife had devoted her time to care of the home and the raising of the parties' children. From this it concluded that wife "has no particular saleable skills and her only opportunities in the job market would be on a very low or minimal income level." But absent an express finding with supportive facts that petitioner *would never be able to achieve independent financial status,* we conclude that it was error for the Court to award wife indefinite alimony under § 1518(h).[12]

Nor do we think it sufficient to say that the indefinite award should be upheld because any order entered under § 1518, including alimony, "may be modified or terminated," though "only upon a showing of real and substantial change of circumstances." 13 *Del.C.* § 1519(a)(4). *See, Husband B. v. Wife B.,* Del.Supr., 295 A.2d 701 (1972); and *Husband, J. v. Wife, J.,* Del. Fam.Ct., 413 A.2d 1267 (1979). In the latter case, Family Court ruled that the showing of a substantial change of circumstances "necessary to warrant modification of an original award must be such as to convince the Court that to enforce the award would produce an undue hardship to the obligor or an undue benefit to the obligee. (citations omitted)." 413 A.2d at 1270. Assuming *arguendo* the correctness of that construction of § 1519(a)(4), it is our view that to impose such a burden on an obligor committed to pay temporary alimony under § 1518(h) would substantially reduce the likelihood of the obligee dependent party striving to achieve financial independence.

Therefore, we reverse and remand the Court's alimony award for reconsideration in light of this Opinion.

### III

Husband's final contention is that the Trial Court abused its discretion as the record does not support its award of alimony, property division and attorney's fees.

---

12. Here the Trial Court, in awarding indefinite alimony, did not give any explicit consideration to the provisions of § 1518(h); indeed, it is not wholly clear whether the Court entered its order under §§ 1512 or 1518(h).

■ Family Court has broad discretion in awarding alimony and counsel fees and in dividing marital property. Its rulings will not be disturbed so long as there is evidence to support the Court's findings of fact. *Gregory J.M. v. Carolyn A.M.*, Del.Supr., 442 A.2d 1373 (1982); *Wife (L.R.) v. Husband (N.G.)*, Del.Supr., 412 A.2d 333 (1980); *Husband B.W.D. v. Wife B.A.D.*, Del.Supr., 405 A.2d 123 (1979).

We find that the record supports the Trial Court's findings of fact and that the Court gave sufficient reasons for the awards made in its opinion.

\* \* \* \* \* \*

Affirmed in part; reversed in part; and remanded.