IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PATRICIA ORBITZ,[1] | § | |
| | § | No. 130, 2016 |
| Respondent Below, | § | |
| Appellant, | § | Court Below—Family Court of |
| | § | State of Delaware in and for |
| v. | § | New Castle County |
| | § | |
| PETER S. ABBOTT, | § | File No. CN13-06155 |
| | § | Pet. No. 14-03438 |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: August 19, 2016
Decided: October 24, 2016

Before **HOLLAND**, **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 24th day of October 2016, upon consideration of the parties' briefs and the Family Court record, it appears to the Court that:

(1)    The appellant, Patricia Orbitz ("Wife"), filed this appeal from the Family Court's order of February 17, 2016, deciding matters ancillary to her divorce from the appellee, Peter S. Abbott ("Husband"). The Family Court divided the parties' marital property—awarding 65% of the net assets to Wife and 35% to Husband—and denied Wife's request for alimony. Wife is proceeding *pro se* on appeal. Husband is represented by counsel.

---

[1] By Order dated March 17, 2016, the Court *sua sponte* assigned pseudonyms to the parties. Del. Supr. Ct. R. 7(d).

(2) The parties divorced in May 2014, ending a marriage of ten years and five months. It was Wife's second marriage and Husband's first. The parties had no children together, but each party had children from a prior marriage or relationship.

(3) The Family Court retained jurisdiction to divide the marital estate and rule on Wife's request for alimony. Both parties had counsel at the evidentiary hearing held on October 27, 2015. Following the hearing, Wife's counsel was granted leave to withdraw.

(4) The parties' marital assets consisted chiefly of two rental properties—101 Cole Boulevard in Middletown, Delaware, and 3 Vane Court in New Castle, Delaware—as well as a residential property, 13 Dublin Drive in Newark, Delaware. Wife owned Dublin Drive prior to the parties' marriage. The parties stipulated that Husband had an interest in the increase in value of Dublin Drive during the marriage.

(5) The Family Court has broad discretion when dividing a marital estate[2] and when determining whether to award alimony.[3] Under 13 *Del. C.* § 1513, the Family Court is required to "equitably divide, distribute and assign the marital

---

[2] *Olsen v. Olsen*, 971 A.2d 170, 178 (Del. 2009).

[3] *Walters S.J. v. M. Lorraine J.*, 457 A.2d 319, 327 (Del. 1983).

property."[4] When determining whether one spouse is dependent on the other and is entitled to alimony, the Family Court is required to consider the relevant statutory factors in 13 *Del. C.* § 1512(c).[5]

(6) In an appeal from an order dividing a marital estate and ruling on alimony, this Court reviews the facts and the law as well as the inferences and deductions made by the Family Court.[6] We review conclusions of law *de novo*, but if the Family Court has correctly applied the law our standard of review is abuse of discretion.[7] We will not disturb the Family Court's findings of fact unless they are clearly wrong and justice requires that they be overturned.[8]

(7) During the ancillary hearing, Husband opposed Wife's request that the Family Court include a Chase Bank loan and utility bills from Dublin Drive as marital debt to be divided between the parties. In the February 17, 2016 decision on appeal, the Family Court excluded the Chase Bank loan and the utility bills from the property division after finding that Wife had not substantiated that the loan was marital debt and had not demonstrated that Husband had not made payments on the utility bills.

---

[4] 13 *Del. C.* § 1513(a); *see Forrester v. Forrester*, 953 A.2d 175, 185-88 (Del. 2008) (applying statute).

[5] 13 *Del. C.* § 1512(c); *see Wright v. Wright*, 49 A.3d 1147, 1150-53 (applying statute).

[6] *Forrester v. Forrester*, 953 A.2d 175, 179 (Del. 2008).

[7] *Id.*

[8] *Id.*

3

(8) In her first issue on appeal, Wife contends that the Family Court failed to consider her request that the Chase Bank loan be considered as marital debt and that she receive credit for payments she made on the loan and for the utility bills that she paid for Dublin Drive. Wife's claim is belied by the record, which reflects that the Family Court carefully considered both requests.

(9) In her second issue on appeal, Wife challenges the allocation of Dublin Drive and Cole Boulevard, arguing that the Family Court failed to consider that, according to Wife, her adult children have ownership interests in those properties. The record reflects that Wife testified that her children have ownership interests in Dublin Drive and Cole Boulevard. Wife has not demonstrated that the Family Court did not consider that testimony when allocating the net values of the properties.

(10) In her third issue on appeal, Wife contends that the Family Court failed to include a $36,000 equity line of credit when determining the net marital value of Dublin Drive. Wife is incorrect. The $36,000 equity line of credit was included in the calculation.[9]

(11) In her fourth issue on appeal, Wife contends that the court relied on an incorrect mortgage balance when calculating the net value of Vane Court. The

---

[9] *See* Exhibit A to the decision on appeal.

claim is without merit. When determining the net value of Vane Court, the court used the mortgage balance provided by the parties.

(12) In her fifth issue on appeal, Wife contends that the Family Court failed to consider that she worked to put Husband through school and that, as a result, Husband has a higher earning capacity. Wife's contention appears to challenge the denial of her request for alimony.

(13) Wife is correct that, when determining a request for alimony, the Family Court is required to consider "any financial or other contribution made by either party to the education, training, vocational skills, career or earning capacity of the other party and the earning capacity of either party."[10] In this case, Wife testified that she supported Husband when he went to school full-time to earn a Master's Degree and a PhD. Wife has not demonstrated that the Family Court did not consider her testimony when ruling on her request for alimony.

(14) After carefully considering the parties' briefs and the record, including the transcript of the ancillary hearing, we are satisfied that the Family Court acted within its discretion when dividing the parties' marital estate and denying Wife's request for alimony. As required, the Family Court carefully considered the evidence and all of the relevant statutory factors when making its

---

[10] 11 *Del. C.* § 1512(c).

5

decision.[11]  Wife has not identified, and the record does not reflect, any factual findings or inferences that are clearly wrong or any errors of law.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[11] *Eberly v. Eberly*, 489 A.2d 433, 443 (Del. 1985).