IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STONE CREEK CUSTOM KITCHENS
& DESIGN and JEFF BRAATEN,

                Appellants,

    v.

JOSEPH VINCENT and
DANIELLE VINCENT,

                Appellees.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

K16A-01-002 WLW
Kent County

Submitted: May 16, 2016
Decided: July 20, 2016

**ORDER**

Upon an Appeal from a Decision of
the Court of Common Pleas.
*Affirmed.*

Sean T. O'Kelly, Esquire and Daniel P. Murray, Esquire of O'Kelly Ernst & Bielli, LLC, Wilmington, Delaware; attorneys for Appellants.

Joseph Vincent and Danielle Vincent, *pro se.*

WITHAM, R.J.

an unnecessary procedural nightmare. Prior to filing a breach of contract action in the Justice of the Peace Court, Joseph Vincent attempted to contact both counsel for Stone Creek and Jeff Braaten, owner and president of Stone Creek. In an email dated April 18, 2014, Joseph Vincent informed counsel for Stone Creek that the Vincents would be seeking compensation in small claims court. This email was addressed to counsel for Stone Creek and carbon copied to Braaten.[1] In an email dated April 29, 2014, and addressed to both counsel for Stone Creek and Braaten, Danielle Vincent stated that she was in the process of gathering documentation to file a complaint in the Justice of the Peace Court and asked counsel to confirm that he still represented Stone Creek.[2] Counsel replied to Danielle Vincent with one sentence that neither confirmed nor denied his representation of Stone Creek, but simply stating only that he "d[id] not agree to accept service of any Complaint."[3]

On May 1, 2014, the Vincents filed a breach of contract action against Stone Creek and Braaten in the Justice of the Peace Court. Service was attempted pursuant to Delaware's long arm statute. The Vincents mailed the complaint to Stone Creek and Braaten on May 7, 2014, return receipt requested.[4] The mailing to Braaten was refused,[5] and the mailing to Stone Creek was unclaimed.[6] On June 3, 2014, the

---

[1] Appellee's Answering Br., Ex. 1.

[2] *Id.*, Ex. 2.

[3] *Id.*, Ex. 3.

[4] *Id.*, Ex. 6.

[5] *Id.*, Ex. 8.

[6] *Id.*, Ex. 13.

mailings with a first class mailing as required by statute when mailed is unclaimed.[11] In an order dated August 29, 2014, the Justice of the Peace Court found that Braaten and Stone Creek had been properly served. The court noted that the Vincents had been assisted by a court clerk, but seemed confused as to which documents needed to be attached to the affidavit. "Between the original service documents produced by the plaintiffs at the August 29 hearing and the original documents held by the court clerk and scanned into the [Justice of the Peace] Court's electronic case management system, the [Justice of the Peace] Court found that service upon Stone Creek was valid under Delaware's long-arm statute."[12] The court also dismissed Braaten as a individual in the action, and denied Stone Creek's motion to vacate the default judgment.[13] Although not discussed in any order, it should be noted that Stone Creek was a corporate entity,[14] Braaten was president of the corporation,[15] and at the August 29 hearing, Braaten admitted that service upon him had been effective.[16]

Also at the August 29 hearing, Stone Creek requested an extension of time to file an amended motion regarding additional grounds for the motion to vacate

---

[11] *Id.* at 2.

[12] *J.P. Order of Jan 26, supra* note 9, at 1 n.1.

[13] *J.P. Order of Aug. 29, supra* note 10, at 1. Defense counsel moved to have Braaten removed from the suit as an individual. The Vincents explained that they had served Braaten with the purpose of ensuring that they obtained service over the company, but were unsure how to proceed. The Vincents did not oppose the motion to dismiss the action against Braaten as an individual.

[14] Appellant's Opening Br. at 6 ("[B]ecause no corporate veil piercing facts or law were pled, the parties agreed that defendant Braaten should be dismissed from the action.").

[15] *Id.* at 16 (noting Braaten was not only president of his company, but also a laborer).

[16] *J.P. Order of Aug. 29, supra* note 10, at 1.

there was no excusable neglect on the part of Stone Creek, that there were no misrepresentations by the Vincents, and that no extraordinary circumstances warranted vacating the default judgment. The motion to vacate the default judgment was denied.[20]

On February 10, 2015, Stone Creek appealed the Justice of the Peace Court decision to the Court of Common Pleas. The appeal was rejected due to a clerical error, but the court allowed the appeal *nunc pro tunc*.[21] The appeal to the Court of Common Pleas was limited to the Justice of the Peace Court's denial of Stone Creek's motion to vacate.[22] Service notifying the Vincents of the appeal was required to be made within 120 days.[23] Stone Creek filed a praecipe and requested service by Sheriff, but service was either not returned by the Sheriff, or the return was not docketed. However, on April 22, 2015, the Vincents learned of the appeal through contact with the Justice of the Peace Court. Upon learning of the appeal, the Vincents contacted Stone Creek regarding lack of service and filed a motion in the Court of Common Pleas to dismiss the appeal.

---

*failure to appear* except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4 (emphasis added).

[20] *Id.* at 4.

[21] *Stone Creek Custom Kitchens & Design v. Vincent*, CPU5-15-000141, at 1 (Del. Com. Pl. Oct. 19, 2015).

[22] *See Ney v. Polite*, 399 A.2d 527, 529 (Del. 1979) ("However, we note that the appeal permits only review of the magistrate's order denying relief and not of the nonsuit and default judgments themselves.").

[23] Ct. Com. Pl. Civ. R. 4(j).

time limitation is jurisdictional and thus prevents the court from granting additional time.[27]

The Court of Common Pleas denied Stone Creek's motion for relief from judgment pursuant to Rule 60(b). The court noted that Stone Creek was again blaming the court and its electronic filing system for its failure to properly prosecute the appeal. The court held there was no excusable neglect because Stone Creek failed to confirm service or make inquiries regarding the motion to dismiss, and denied Stone Creek's motion for reargument.[28] On January 20, 2016, Stone Creek filed the appeal at bar.

## STANDARD OF REVIEW

An appeal from the Court of Common Pleas "shall be reviewed on the record and shall not be tried de novo."[29] This Court's function is to correct errors of law and determine whether the factual findings of the Court of Common Pleas "are sufficiently supported by the record and are the product of an orderly and logical deductive process."[30] The decision to relieve a party from a final judgment or order is at the sound discretion of the court and is reviewed under an "abuse of discretion" standard.[31] "An abuse of discretion arises when a court exceeds the bounds of reason in light of the circumstances or so ignores recognized rules of law or practice as to

---

[27] *See Strong v. Wells Fargo Bank*, 2013 WL 1228028, at *1 (Del. Super. Jan. 3, 2013).

[28] *Vincent*, CPU5-15-000141, at 3.

[29] 10 *Del. C.* § 1326(c).

[30] *State v. Anderson*, 2010 WL 4513029, at *4 (Del. Super. Nov. 1, 2010).

[31] *Am. Spirit Fed. Credit Union v. Speedy Key Lock & Tow Servs.*, 2016 WL 399231, at *2-3 (Del. Super. Jan. 29, 2016).

notice from the moment the court granted the motion. Because Rule 59(e) contains no provisions for the enlargement of time, the court lacked jurisdiction to grant Stone Creek's motion for reargument.

*The Court of Common Pleas properly denied Stone Creek's motion*
*for relief from judgment per Court of Common Pleas Rule 60(b)*

Stone Creek's second issue on appeal is the Court of Common Pleas' denial of its motion for relief from judgment pursuant to Court of Common Pleas Civil Rule 60(b). Stone Creek's motion for relief presented a single argument to the Court of Common Pleas. Stone Creek argued for relief under Court of Common Pleas Civil Rule 60(b)(1). Court of Common Pleas Civil Rule 60(b)(1) is similar to Superior Court Civil Rule 60(b)(1). Both provide relief where judgment was ordered as a consequence of "mistake, inadvertence, surprise, or excusable neglect."[35] When exercising its discretion, Delaware courts pay deference to the policy favoring disposition of the case on its merits, and generally favor such motions upon almost any reasonable excuse.[36] When considering a motion under Rule 60(b)(1), a court must first determine whether the conduct of the moving party may be characterized as the conduct of a reasonably prudent person.[37] If the court determines that the moving party's actions may be so characterized, the court will grant the motion if the moving party shows (1) the possibility of a meritorious defense, and (2) that the non-

---

[35] Super. Ct. Civ. R. 60(b)(1); Ct. Com. Pl. Civ. R. 60(b)(1).

[36] *Keith v. Melvin L. Joseph Const. Co.*, 451 A.2d 842, 846 (Del. Super. 1982).

[37] *Id.* (citing *Cohen v. Brandywine Raceway Ass'n*, 238 A.2d 320, 325 (Del. Super. 1968)).

of justice provision is addressed to the sound discretion of the court,[39] and the standard for assessing such claims is the "extraordinary circumstance" test as set forth in federal law.[40]

Stone Creek claims a "parade of horribles has led to their current position. They claim, *inter alia,* that service was improper, orders we not docketed correctly, submissions were improperly rejected, and extraneous entries by a Court Clerk led to prejudice. For instance, Stone Creek claims the Vincent's "lied on their declaration to the Court regarding service of Stone Creek,"[41] and that the Vincent's affidavit of service in the Justice of the Peace Court "was at best defective, and at worst fraudulent."[42] As the Magistrate noted in the Justice of the Peace Court order dated January 26, 2015, these characterizations were discourteous and inaccurate.[43] The Vincents supplied receipts showing mailings to Stone Creek and Braaten dated May 7, 2014, with return receipts requested.[44] They were also able to show that the envelope delivered to Braaten was refused,[45] and that the envelope delivered to Stone Creek was unclaimed.[46] Moreover, the Vincents informed counsel for Stone Creek

---

[39] *Christina Bd. Of Educ. v. Chapel St.,* 1995 WL 163509, at *3 (Del. Super. Feb. 9, 1995), aff'd sub nom. *Chrysler First Fin. Servs. Corp. v. Porter,* 667 A.2d 1318 (Del. 1995) (citing *Wife B v. Husband B,* 395 A.2d 358, 359 (Del. 1978)).

[40] *Id.* (citing *Jewell v. Div. of Soc. Servs.,* 401 A.2d 88, 91 (Del. 1979)).

[41] Appellant's Opening Br. at 8.

[42] *Id.* at 14.

[43] *J.P. Order of Jan. 26, supra* note 9, at 2.

[44] Appellee's Answering Br., Ex. 6.

[45] *Id.,* Ex. 8.

[46] *Id.,* Ex. 13.

attempted to avoid service by either refusing or not claiming properly mailed complaints. This is especially true in light of the Vincent's attempts to inform both Braaten and counsel for Stone Creek of their continuing attempts at service via email.

Stone Creek also claims to have been prejudiced because "[t]he underlying action in the Justice of the Peace Court was *rampant* with technological problems and clerk error,"[50] and there were continuing prejudicial effects from technological errors in the Court of Common Pleas. However, both courts investigated alleged problems and took corrective action where needed. The Justice of the Peace Court acknowledged docketing errors and clerk mistakes and is making changes to ensure they do not happen in the future. An acknowledged mistake can hardly be considered prejudicial. The Court of Common Pleas investigated the electronic docket and found no discrepancies. What is absent from the scenario is any indication that counsel for Stone Creek took proactive steps to determine if there were problems on their end. There has been no prejudice or manifest injustice as a result of technological problems or clerk error.

*The Vincents sufficiently addressed all arguments related to the appeal*

In its reply brief, Stone Creek cites *Emerald Partners v. Berlin*[51] and *Harbor Finance Partners Ltd. v. Butler*[52] for the proposition that any arguments raised on appeal but not addressed in the answer are deemed unopposed. *Emerald Partners* notes that the appellant had waived any argument it had against the defendant on a

---

[50] Appellee's Answering Br. at 20.

[51] *Emerald Partners v. Berlin*, 726 A.2d 1215 (Del. 1994).

[52] *Harbor Fin. Partners Ltd. v. Butler*, 1998 WL 294011, at *1 (Del. Ch. June 3, 1998).

under the jurisdiction of the Justice of the Peace Court. The Court is left with the impression that the Vincents were diligently trying to prosecute the action while Stone Creek was diligently trying to avoid service. To be sure, Stone Creek also blames court clerks and the electronic filing system for their current woes, but those issues were addressed by each court below and no prejudice accrued to Stone Creek. It appears to this Court that Stone Creek has been treated fairly as this action wound through the various lower courts, and that Stone Creek's current predicament is self-inflicted. For the foregoing reasons the decision of the Court of Common Pleas is **AFFIRMED**.

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh