IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STONE CREEK CUSTOM KITCHENS  :
& DESIGN and JEFF BRAATEN,  :
 :
                         :    K16A-01-002 WLW
       Appellants,       :    Kent County
 :
   v.                         :
 :
JOSEPH VINCENT and       :
DANIELLE VINCENT,        :
 :
       Appellees.       :

Submitted: May 16, 2016
Decided: July 20, 2016

**ORDER**

Upon an Appeal from a Decision of
the Court of Common Pleas.
*Affirmed.*

Sean T. O'Kelly, Esquire and Daniel P. Murray, Esquire of O'Kelly Ernst & Bielli, LLC, Wilmington, Delaware; attorneys for Appellants.

Joseph Vincent and Danielle Vincent, *pro se.*

WITHAM, R.J.

Defendant-below/Appellant Stone Creek Custom Kitchens & Design ("Stone Creek") appeals a Court of Common Pleas order denying Stone Creek's motion for reargument pursuant to Court of Common Pleas Rule 59(e) or, alternatively, for relief from judgment pursuant to Court of Common Pleas Rule 60(b). Plaintiffs-below/Appellees Joseph and Danielle Vincent ("the Vincents") obtained a default judgment in a breach of contract action against Stone Creek in Justice of the Peace Court 16. A motion in the Justice of the Peace Court by Stone Creek to vacate the default judgment was denied. Stone Creek then filed an appeal with the Court of Common Pleas, and the Vincents filed a motion to dismiss the Court of Common Pleas appeal. The Court of Common Pleas issued an order granting the dismissal of the appeal from the Justice of the Peace Court pursuant to Court of Common Pleas Rule 72.1(i) for failure to diligently prosecute an appeal. Stone Creek then filed a motion for reargument or, in the alternative, a motion for relief from judgment in the Court of Common Pleas. Both motions were denied, and Stone Creek filed an appeal with this Court. The appeal at bar relates only to the Court of Common Pleas decision denying Stone Creek's motion for reargument and the alternative motion for relief from judgment. However, because Stone Creek now claims manifest injustice as far back as the Justice of the Peace Court action, the factual background will include events taking place since the inception of the action. For the following reasons, the decision of the Court of Common Pleas denying Stone Creek's motions is AFFIRMED.

## FACTUAL AND PROCEDURAL BACKGROUND

A careful review of the facts of this case indicate that the parties have created

2

an unnecessary procedural nightmare. Prior to filing a breach of contract action in the Justice of the Peace Court, Joseph Vincent attempted to contact both counsel for Stone Creek and Jeff Braaten, owner and president of Stone Creek. In an email dated April 18, 2014, Joseph Vincent informed counsel for Stone Creek that the Vincents would be seeking compensation in small claims court. This email was addressed to counsel for Stone Creek and carbon copied to Braaten.[1] In an email dated April 29, 2014, and addressed to both counsel for Stone Creek and Braaten, Danielle Vincent stated that she was in the process of gathering documentation to file a complaint in the Justice of the Peace Court and asked counsel to confirm that he still represented Stone Creek.[2] Counsel replied to Danielle Vincent with one sentence that neither confirmed nor denied his representation of Stone Creek, but simply stating only that he "d[id] not agree to accept service of any Complaint."[3]

On May 1, 2014, the Vincents filed a breach of contract action against Stone Creek and Braaten in the Justice of the Peace Court. Service was attempted pursuant to Delaware's long arm statute. The Vincents mailed the complaint to Stone Creek and Braaten on May 7, 2014, return receipt requested.[4] The mailing to Braaten was refused,[5] and the mailing to Stone Creek was unclaimed.[6] On June 3, 2014, the

---

[1] Appellee's Answering Br., Ex. 1.

[2] *Id.*, Ex. 2.

[3] *Id.*, Ex. 3.

[4] *Id.*, Ex. 6.

[5] *Id.*, Ex. 8.

[6] *Id.*, Ex. 13.

3

Vincents mailed the complaint to Braaten and Stone Creek via first class mail.[7] Also on June 3, 2014, the Vincents filed an affidavit of service with the Justice of the Peace Court, but forgot to attach return receipts or tracking information. On June 23, 2014, the Justice of the Peace Court issued a notice of deficient filing. The notice stated that there had been no service on Stone Creek and that the Vincents needed to once again serve that party. On June 27, 2014, the Vincent's supplemented their affidavit of service and supplied the missing receipts.[8]

On July 10, 2014, the Justice of the Peace Court found that a timely answer had not been filed and entered a default judgment against Stone Creek and Braaten in the amount of $6961.15 plus court costs and post judgment interest.[9] On July 25, 2014, Stone Creek timely filed a motion to vacate the default judgment. Stone Creek argued that service upon them was improper because the Vincents did not attach return receipts with their affidavit of service.[10] The Justice of the Peace Court noted that the receipts had been supplied with the supplement to the affidavit on June 27, 2014.

The record indicated that the Vincent's may have conflated the terms "unclaimed" and "refused," but in either case, the Vincents followed the initial

---

[7] Appellee's Answering Br., Ex. 11.

[8] Appellant's Opening Br. at 3.

[9] *Vincent v. Stone Creek Custom Kitchens & Design*, JP16-14-002251, at 1 (Del. J.P. Jan. 26, 2015) [hereinafter *J.P. Order of Jan. 26*].

[10] *Vincent v. Stone Creek Custom Kitchens & Design*, JP16-14-002251, at 2 (Del. J.P. Aug. 29, 2014) [hereinafter *J.P. Order of Aug. 29*] .

mailings with a first class mailing as required by statute when mailed is unclaimed.[11] In an order dated August 29, 2014, the Justice of the Peace Court found that Braaten and Stone Creek had been properly served. The court noted that the Vincents had been assisted by a court clerk, but seemed confused as to which documents needed to be attached to the affidavit. "Between the original service documents produced by the plaintiffs at the August 29 hearing and the original documents held by the court clerk and scanned into the [Justice of the Peace] Court's electronic case management system, the [Justice of the Peace] Court found that service upon Stone Creek was valid under Delaware's long-arm statute."[12] The court also dismissed Braaten as a individual in the action, and denied Stone Creek's motion to vacate the default judgment.[13] Although not discussed in any order, it should be noted that Stone Creek was a corporate entity,[14] Braaten was president of the corporation,[15] and at the August 29 hearing, Braaten admitted that service upon him had been effective.[16]

Also at the August 29 hearing, Stone Creek requested an extension of time to file an amended motion regarding additional grounds for the motion to vacate

---

[11] *Id.* at 2.

[12] *J.P. Order of Jan 26, supra* note 9, at 1 n.1.

[13] *J.P. Order of Aug. 29, supra* note 10, at 1. Defense counsel moved to have Braaten removed from the suit as an individual. The Vincents explained that they had served Braaten with the purpose of ensuring that they obtained service over the company, but were unsure how to proceed. The Vincents did not oppose the motion to dismiss the action against Braaten as an individual.

[14] Appellant's Opening Br. at 6 ("[B]ecause no corporate veil piercing facts or law were pled, the parties agreed that defendant Braaten should be dismissed from the action.").

[15] *Id.* at 16 (noting Braaten was not only president of his company, but also a laborer).

[16] *J.P. Order of Aug. 29, supra* note 10, at 1.

judgment. The Vincents did not object, and the extension of time was granted. Stone Creek was allowed until September 19 to file the brief. The brief was filed by Stone Creek on September 19, but was rejected by the clerk because a default judgment had already been entered. The incident was investigated by the Court Manager and it was found that the brief had been rejected in error. The court noted that it was satisfied with the Case Manager's investigation and ruled that the brief had been timely submitted.[17]

Despite the Justice of the Peace Court's previous finding, Stone Creek once again argued that service of process was improper.[18] Stone Creek also argued that the court did not serve proper notice when the Vincents were notified of the deficient filing for not including the return receipts, and that the Vincent's did not serve notice of the request for default judgment. In its January 26, 2015 order, the Justice of the Peace Court noted that court instructions do not require that a deficient filing notice or a request for default judgment be served on the opposing party.[19] The court found

---

[17] *Vincent v. Stone Creek Custom Kitchens & Design*, JP16-14-002251, at 1 (Del. J.P. Sept. 25, 2014).

[18] *J.P. Order of Jan. 26, supra* note 9, at 2.

[19] *Id.* at 3. The court noted that arguably these documents should be served in the same manner of other notices pursuant to J.P. Ct. Civ. R. 5, but Rule 5 contains an exception for default judgments. Rule 5(a) states:

> Service: When required. Except as otherwise provided in these Rules, every pleading subsequent to the original complaint, . . . every paper relating to discovery required to be served upon a party unless the Court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties by the filing party. Every order required by its terms to be served shall be served upon each of the parties by the Court. *No service need be made on parties in default for*

there was no excusable neglect on the part of Stone Creek, that there were no misrepresentations by the Vincents, and that no extraordinary circumstances warranted vacating the default judgment. The motion to vacate the default judgment was denied.[20]

On February 10, 2015, Stone Creek appealed the Justice of the Peace Court decision to the Court of Common Pleas. The appeal was rejected due to a clerical error, but the court allowed the appeal *nunc pro tunc*.[21] The appeal to the Court of Common Pleas was limited to the Justice of the Peace Court's denial of Stone Creek's motion to vacate.[22] Service notifying the Vincents of the appeal was required to be made within 120 days.[23] Stone Creek filed a praecipe and requested service by Sheriff, but service was either not returned by the Sheriff, or the return was not docketed. However, on April 22, 2015, the Vincents learned of the appeal through contact with the Justice of the Peace Court. Upon learning of the appeal, the Vincents contacted Stone Creek regarding lack of service and filed a motion in the Court of Common Pleas to dismiss the appeal.

---

*failure to appear* except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4 (emphasis added).

[20] *Id.* at 4.

[21] *Stone Creek Custom Kitchens & Design v. Vincent*, CPU5-15-000141, at 1 (Del. Com. Pl. Oct. 19, 2015).

[22] *See Ney v. Polite*, 399 A.2d 527, 529 (Del. 1979) (" However, we note that the appeal permits only review of the magistrate's order denying relief and not of the nonsuit and default judgments themselves.").

[23] Ct. Com. Pl. Civ. R. 4(j).

Stone Creek failed to file a response to the motion to dismiss claiming to have never received a copy of the motion, but the Court of Common Pleas conducted an investigation of the electronic docket and found that Stone Creek had been notified electronically by the court.[24] The Court Clerk contacted both sides to schedule a hearing on the motion to dismiss for October 19, 2015. At the hearing, counsel for Stone Creek claimed his electronic filing account had never received notices regarding the case. The court noted that eight months had passed since the filing of the appeal, and counsel had done nothing to verify a possible problem with its electronic filing account, had failed to take action when contacted by the Court Clerk to schedule the hearing on the motion to dismiss, and failed to serve the Vincents once it became clear that the Vincents had not been served. The court dismissed the appeal for failure to diligently prosecute under Court of Common Pleas Civil Rule 72.1(i).[25]

On October 30, 2015, Stone Creek filed a motion for reargument, or alternatively, a motion for relief from judgment. The motion for reargument was denied for non-compliance with Court of Common Pleas Civil Rule 59(e).[26] This

---

[24] *Vincent*, CPU5-15-000141, at 3.

[25] Ct. Com. Pl. Civ. R. 72.1(i) states in pertinent part:
The Court may order an appeal dismissed, sua sponte, or upon a motion to dismiss by any party. Dismissal may be ordered for untimely filing of an appeal, for appealing an unappealable, interlocutory order, for failure of a party diligently to prosecute the appeal, for failure to comply with any rule, statute, or order of the Court or for any other reason deemed by the Court to be appropriate.

[26] Ct. Com. Pl. Civ. R. 59(e) states "[a] motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision. The motion shall briefly and distinctly state the grounds therefor."

8

time limitation is jurisdictional and thus prevents the court from granting additional time.[27]

The Court of Common Pleas denied Stone Creek's motion for relief from judgment pursuant to Rule 60(b). The court noted that Stone Creek was again blaming the court and its electronic filing system for its failure to properly prosecute the appeal. The court held there was no excusable neglect because Stone Creek failed to confirm service or make inquiries regarding the motion to dismiss, and denied Stone Creek's motion for reargument.[28] On January 20, 2016, Stone Creek filed the appeal at bar.

## STANDARD OF REVIEW

An appeal from the Court of Common Pleas "shall be reviewed on the record and shall not be tried de novo."[29] This Court's function is to correct errors of law and determine whether the factual findings of the Court of Common Pleas "are sufficiently supported by the record and are the product of an orderly and logical deductive process."[30] The decision to relieve a party from a final judgment or order is at the sound discretion of the court and is reviewed under an "abuse of discretion" standard.[31] "An abuse of discretion arises when a court exceeds the bounds of reason in light of the circumstances or so ignores recognized rules of law or practice as to

---

[27] *See Strong v. Wells Fargo Bank*, 2013 WL 1228028, at *1 (Del. Super. Jan. 3, 2013).

[28] *Vincent*, CPU5-15-000141, at 3.

[29] 10 *Del. C.* § 1326(c).

[30] *State v. Anderson*, 2010 WL 4513029, at *4 (Del. Super. Nov. 1, 2010).

[31] *Am. Spirit Fed. Credit Union v. Speedy Key Lock & Tow Servs.*, 2016 WL 399231, at *2-3 (Del. Super. Jan. 29, 2016).

produce injustice."[32]

## DISCUSSION

*The Court of Common Pleas properly denied Stone Creek's motion
for reargument per Court of Common Pleas Rule 59(e)*

The question on appeal is whether the Court of Common Pleas properly denied Stone Creek's motions for reargument and relief from judgment. The appeal on the first motion may be disposed of with little analysis. Just as in the Superior Court, the Court of Common Pleas Civil Rules make the time limit for filing a motion for reargument jurisdictional. A motion for reargument is filed pursuant to Rule 59(e). This rule requires that "[a] motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision."[33] Rule 6 allows the court to grant an enlargement of time in certain circumstances, but specifically states that the court "may not extend the time for taking any action under Rules 50(b), 59(b), (d) and (e), 60(b), except to the extent and under the conditions stated in them."[34]

Counsel for Stone Creek claims notice of the Court of Common Pleas' order granting the Vincent's motion to dismiss was not received until October 28, 2015, and the motion for reargument, which was filed on October 30, 2015, should therefore be considered timely. However, Stone Creek's motion for reargument to the Court of Common Pleas noted that the court granted the motion to dismiss at the October 19, 2015, hearing. Stone Creek attended the hearing, and therefore was on

---

[32] *Anderson*, 2010 WL 4513029, at *4.

[33] Ct. Com. Pl. Civ. R. 59(e).

[34] Ct. Com. Pl. Civ. R. 6(b).

notice from the moment the court granted the motion. Because Rule 59(e) contains no provisions for the enlargement of time, the court lacked jurisdiction to grant Stone Creek's motion for reargument.

> *The Court of Common Pleas properly denied Stone Creek's motion*
> *for relief from judgment per Court of Common Pleas Rule 60(b)*

Stone Creek's second issue on appeal is the Court of Common Pleas' denial of its motion for relief from judgment pursuant to Court of Common Pleas Civil Rule 60(b). Stone Creek's motion for relief presented a single argument to the Court of Common Pleas. Stone Creek argued for relief under Court of Common Pleas Civil Rule 60(b)(1). Court of Common Pleas Civil Rule 60(b)(1) is similar to Superior Court Civil Rule 60(b)(1). Both provide relief where judgment was ordered as a consequence of "mistake, inadvertence, surprise, or excusable neglect."[35] When exercising its discretion, Delaware courts pay deference to the policy favoring disposition of the case on its merits, and generally favor such motions upon almost any reasonable excuse.[36] When considering a motion under Rule 60(b)(1), a court must first determine whether the conduct of the moving party may be characterized as the conduct of a reasonably prudent person.[37] If the court determines that the moving party's actions may be so characterized, the court will grant the motion if the moving party shows (1) the possibility of a meritorious defense, and (2) that the non-

---

[35] Super. Ct. Civ. R. 60(b)(1); Ct. Com. Pl. Civ. R. 60(b)(1).

[36] *Keith v. Melvin L. Joseph Const. Co.*, 451 A.2d 842, 846 (Del. Super. 1982).

[37] *Id.* (citing *Cohen v. Brandywine Raceway Ass'n*, 238 A.2d 320, 325 (Del. Super. 1968)).

moving party will not suffer substantial prejudice.[38]

Stone Creek does not clear the first hurdle. The Court of Common Pleas found that "a reasonably prudent person under the circumstances would have confirmed service prior to the expiration of the 120 time period, contacted the Court before allowing several months to pass without service of process and if all else failed, made inquiries after the Motion to Dismiss the Appeal was filed," and, based on this assessment, found there was no excusable neglect. This finding was not contrary to law, was supported by substantial evidence, and was not an abuse of discretion. Therefore, Stone Creek's appeal of the Court of Common Pleas decision to deny the motion to vacate under Rule 60(b) must fail.

### *Stone Creek has not suffered Manifest Injustice*

In its appeal to this Court, Stone Creek now adds a manifest injustice argument and asks this Court to reverse the Court of Common Pleas, vacate the default judgment, and remand the case to the Justice of the Peace Court to be heard on the merits. Manifest injustice would be properly argued under Rule 60(b)(6). Because this argument was not presented to the Court of Common Pleas, the argument is not contained in the record. This Court is limited to reviewing the case on the record and therefore cannot consider the manifest injustice argument on appeal.

Although manifest injustice is not considered here because it was not raised below, the Court notes that this argument would also fail in any event. The interest

---

[38] *Battaglia v. Wilmington Sav. Fund Soc.*, 379 A.2d 1132, 1135 (Del. 1977).

of justice provision is addressed to the sound discretion of the court,[39] and the standard for assessing such claims is the "extraordinary circumstance" test as set forth in federal law.[40]

Stone Creek claims a "parade of horribles has led to their current position. They claim, *inter alia,* that service was improper, orders we not docketed correctly, submissions were improperly rejected, and extraneous entries by a Court Clerk led to prejudice. For instance, Stone Creek claims the Vincent's "lied on their declaration to the Court regarding service of Stone Creek,"[41] and that the Vincent's affidavit of service in the Justice of the Peace Court "was at best defective, and at worst fraudulent."[42] As the Magistrate noted in the Justice of the Peace Court order dated January 26, 2015, these characterizations were discourteous and inaccurate.[43] The Vincents supplied receipts showing mailings to Stone Creek and Braaten dated May 7, 2014, with return receipts requested.[44] They were also able to show that the envelope delivered to Braaten was refused,[45] and that the envelope delivered to Stone Creek was unclaimed.[46] Moreover, the Vincents informed counsel for Stone Creek

---

[39] *Christina Bd. Of Educ. v. Chapel St.*, 1995 WL 163509, at *3 (Del. Super. Feb. 9, 1995), aff'd sub nom. *Chrysler First Fin. Servs. Corp. v. Porter*, 667 A.2d 1318 (Del. 1995) (citing *Wife B v. Husband B*, 395 A.2d 358, 359 (Del. 1978)).

[40] *Id.* (citing *Jewell v. Div. of Soc. Servs.*, 401 A.2d 88, 91 (Del. 1979)).

[41] Appellant's Opening Br. at 8.

[42] *Id.* at 14.

[43] *J.P. Order of Jan. 26, supra* note 9, at 2.

[44] Appellee's Answering Br., Ex. 6.

[45] *Id.*, Ex. 8.

[46] *Id.*, Ex. 13.

and Braaten via email that they had attempted to serve Stone Creek, but service was refused.[47] The Vincents also supplied receipts showing first class mailings to Stone Creek and Braaten on June 3, 2014.[48]

Per 10 *Del. C.* 3104(h)(2), Delaware's long arm statute, "the notation of refusal shall constitute presumptive evidence that the refusal was by the defendant or the defendant's agent." Moreover, service of summons upon a domestic or foreign corporation may be made upon an officer of the corporation.[49] Thus, service on Braaten would suffice. Braaten has admitted that service was proper as to him, and the Justice of the Peace Court found service was also proper as to Stone Creek. Stone Creek's claim that service was insufficient because the Vincent's failed to attach return receipts, or that Stone Creek was not notified of the service deficiency, are inapposite. Justice of the Peace Civil Rule 4(g) states that "[f]ailure to make a return or proof of service shall not affect the validity of service." There has been no manifest injustice based on service of process. The Vincents have made diligent efforts to ensure proper service, and it appears Stone Creek and Braaten have

---

[47] *Id.*, Ex. 10.

[48] *Id.*, Ex. 11.

[49] J.P. Ct. Civ. R. 4(f) (1) states in pertinent part:
Summons. Service of summons shall be made as follows:

\*  \*  \*

(III) Upon a domestic or foreign corporation or upon a partnership or unincorporated association which is subject to suit under common name by delivering copies of the summons, complaint and affidavit, if any, to an officer, a managing or general agent or to any other agent authorized by law to receive service of process and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

attempted to avoid service by either refusing or not claiming properly mailed complaints. This is especially true in light of the Vincent's attempts to inform both Braaten and counsel for Stone Creek of their continuing attempts at service via email.

Stone Creek also claims to have been prejudiced because "[t]he underlying action in the Justice of the Peace Court was *rampant* with technological problems and clerk error,"[50] and there were continuing prejudicial effects from technological errors in the Court of Common Pleas. However, both courts investigated alleged problems and took corrective action where needed. The Justice of the Peace Court acknowledged docketing errors and clerk mistakes and is making changes to ensure they do not happen in the future. An acknowledged mistake can hardly be considered prejudicial. The Court of Common Pleas investigated the electronic docket and found no discrepancies. What is absent from the scenario is any indication that counsel for Stone Creek took proactive steps to determine if there were problems on their end. There has been no prejudice or manifest injustice as a result of technological problems or clerk error.

*The Vincents sufficiently addressed all arguments related to the appeal*

In its reply brief, Stone Creek cites *Emerald Partners v. Berlin*[51] and *Harbor Finance Partners Ltd. v. Butler*[52] for the proposition that any arguments raised on appeal but not addressed in the answer are deemed unopposed. *Emerald Partners* notes that the appellant had waived any argument it had against the defendant on a

---

[50] Appellee's Answering Br. at 20.

[51] *Emerald Partners v. Berlin*, 726 A.2d 1215 (Del. 1994).

[52] *Harbor Fin. Partners Ltd. v. Butler*, 1998 WL 294011, at *1 (Del. Ch. June 3, 1998).

specific issue because that issue had not been raised in the *opening* brief.[53] This proposition was supported by a citation to *Murphy v. State* which again dealt with the failure to raise in issue in an opening brief.[54] In *Butler*, the defendant makes an argument in its opening brief that is not answered by the plaintiff, and the court found that the plaintiff had thus conceded the point.

Each of these cases can be differentiated from the case at bar. *Emerald Partners* and *Murphy* addressed opening briefs rather than answering briefs. Failure to include an issue in an opening brief deprives the opposing party of the opportunity to address the issue. *Butler* dealt with issues that were not addressed in an answer at the trial level.

In the case at bar, Stone Creek deems their argument to vacate the Court of Common Pleas judgment unopposed because the issue was not addressed by the Vincents in their answering brief. Both parties have had the opportunity to address their claims in multiple courts. The motion to vacate is grounded in the numerous claims of failure to receive notice, whether by failure of service or failure of the courts to properly docket events. The Vincents' answering brief contains a time line of all relevant events and can be fairly read to have addressed all issues in the opening brief.

## CONCLUSION

The seminal issue in this case is service of process when the case was still

---

[53] *Emerald Partners*, 726 A.2d at 1224.

[54] *Murphy v. State* , 632 A.2d 1150, 1152 (Del. 1993).

16

under the jurisdiction of the Justice of the Peace Court. The Court is left with the impression that the Vincents were diligently trying to prosecute the action while Stone Creek was diligently trying to avoid service. To be sure, Stone Creek also blames court clerks and the electronic filing system for their current woes, but those issues were addressed by each court below and no prejudice accrued to Stone Creek. It appears to this Court that Stone Creek has been treated fairly as this action wound through the various lower courts, and that Stone Creek's current predicament is self-inflicted. For the foregoing reasons the decision of the Court of Common Pleas is **AFFIRMED.**

     IT IS SO ORDERED.

                   /s/ William L. Witham, Jr.
                   Resident Judge

WLW/dmh